Jose Roberto **ARGUETA–REYES, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71269.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 21, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jose Roberto Argueta–Reyes, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, Marion E. Guyton, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Jose Roberto Argueta–Reyes, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

■ The record does not compel the conclusion that Argueta–Reyes established past persecution or a well-founded fear of future persecution and thus, eligibility for asylum. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003) (unfulfilled threats "constitute harassment rather than persecution"); *see also Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 999 (9th Cir.2003) (noting that an applicant's relocation without incident is highly relevant in determining whether an applicant qualifies for asylum). An applicant who does not satisfy the lower standard of proof for asylum also fails to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

The BIA did not err in holding that Argueta–Reyes did not establish that it is more likely than not that he will be tortured if returned to El Salvador. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1194 (9th Cir.2003) (quoting 8 C.F.R. § 208.18(a)(1)

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(2002)) (emphasis and internal quotations omitted).

■ Argueta–Reyes is not eligible for special-rule cancellation of removal under section 203 of the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA") due to his robbery conviction with a maximum penalty of imprisonment of more than one year. *See* 8 C.F.R. § 1240.66(b)(1).

■ We lack jurisdiction over the agency's discretionary determination denying Argueta–Reyes voluntary departure. *See Ramadan v. Gonzales,* 479 F.3d 646, 654 (9th Cir.2007) ("Section 106 [of RIDA] does not restore jurisdiction over discretionary determinations.").

Petitioner's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**